UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13-30225-KRH |
| Mojisola A. Ogunmokun ) | |
| ) | |
| ) | CHAPTER 13 |
| ) | |
| Debtor(s) ) | |
| _____ ) | |

ORDER MODIFYING LOAN TERMS

THIS CAUSE came on this day to consider the Motion to Approve Agreement to Amend Loan Terms ("Motion") filed herein by Mojisola A. Ogunmokun, Debtor(s) (hereinafter "Debtor(s)"). The Court, having reviewed the pleadings filed herein and being fully advised in the premises, the Court finds that:

1. Wells Fargo Home Mortgage (Lender) has offered a Loan Modification Agreement to the Debtor of a certain Deed of Trust Note by the Debtor with Wells Fargo Home Mortgage of a certain Deed of Trust Note dated January 30, 2009, which note is Secured by a Deed of Trust of even date therewith and duly recorded on the Subject Property; and

2. That the Lender holds a secured interest in certain real property titled in the name of the Debtor located at 1819 Oak Hill Lane Richmond, VA 23223 (the property), and described more fully as:

> ALL THAT certain lot, piece, or parcel of land, with improvements thereon and appurtenances thereto belonging, lying and being in Fairfield District, Henrico County, Virginia, designated as Lot 10, Block G, Oak Hill Subdivision, plat of which made by Charles H. Fleet, C.C.E., dated December 23, 1941, was recorded in the clerk's office, Circuit Court, Henrico County, Virginia, in plat book 18, page 72, to which plat reference is hereby made for a more particular description, subject to any and all conditions, easements and restrictions as are of record.

3. That the Lender and Debtor have engaged in further settlement discussions and have reached an agreement with respect to the loan terms of the Note referenced in Debtor's Motion and the Debtor and the Lender have signed an Agreement Modifying the terms of the Loan ("Agreement") which has been filed with the Court and upon review of the Agreement,

THE COURT FINDS That said Agreement is fair and reasonable.

THE COURT FURTHER FINDS That the lower monthly payment will result in the Debtor(s) enhanced ability to afford her regular living expenses and fund her Chapter 13 plan payment; and

THE COURT FURTHER FINDS that the Trustee was served with the Debtor's Motion.

WHEREFORE THE COURT GRANTS the Motion of the Debtor and the Loan Modification Agreement entered into between the Lender and Debtor(s) is hereby APPROVED, the terms of which are referenced in Debtor's Motion and below, and which are set forth as follows:

a. That as of July 23, 2014, the Principal balance of the Note was $121,949.86 (Unpaid Principal Balance)
b. Current monthly payments are $707.07 (estimated PI of $707.07) with interest rate at 5.00%.
c. That as of July 23, 2014 the approximate pay off balance is $121.949.86.
d. The current maturity date of the Note is February 1, 2039.
e. The Modified Unpaid Principal Balance will be $104,299.45
f. That Debtor shall make monthly payments of $528.47 (estimated PI of $528.47) with a fixed interest rate of 4.500%. Payments will start on June 1, 2014 and last for 360 months.
g. The new maturity date of the note will be May 1, 2044.
h. Debtor will owe a lumpsum of $23,494.26 to the lender on the new maturity date, May 1, 2044, due and payable upon one of the following events: (i) The Borrower has paid in full al amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary; or (ii) The maturity date of the primary note has been accelerated; or (iii) The Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary; or (iv)

The property is not occupied by the purchaser as his or her principal residence.

i. All other terms of the Note shall remain effective and enforceable as set forth in said Note.

IT IS FURTHER ORDERED that since all arrears have been included in the new principal balance of the modified loan, it is hereby ORDERED that the Debtor and the Trustee are relieved from making payments on the arrears claim.

Signed this _____ day of ____Jul 28 2014_____, 20__.

/s/ Kevin R. Huennekens
_____
United States Bankruptcy Judge

Entered on Docket: Jul 29 2014

I ASK FOR THIS:

/s/ Jessica Fellows_____
Jessica Fellows, VSB#82095
America Law Group, Inc.
2800 N Parham Rd, Ste 100
Henrico, VA 23294
804-308-0051 (ph)
804-308-0053 (fax)
Counsel for Debtor

SEEN AND AGREED:


/s/__Carl M. Bates_____
Carl M. Bates, Trustee


LOCAL RULE 9022-1 (C) CERTIFICATION

COMES NOW the Debtor, by counsel and pursuant to Local Rule 9022-1(C)(1) advises the Court that the foregoing Order has been endorsed by all the necessary parties.

/s/ Jessica Fellows_____
Jessica Fellows


**LIST OF PARTIES TO
RECEIVE NOTICE OF ENTRY OF ORDER**

      COMES NOW the Debtor(s), by counsel, and pursuant to local Rule 9022-1(B)(1) advises the Court that the following is a list of all parties to whom notice of the entry of order should be given, to-wit:

Jessica Fellows, VSB#82095
America Law Group, Inc.

Counsel for Debtor(s)
2800 N Parham Rd, Ste 100
Henrico, VA 23294

Carl M. Bates
P.O. Box 1819
Richmond, VA 23218-1819

Wells Fargo Home Mortgage
3476 Stateview Blvd, MACH X7801-03K
Fort Mill, SC 29715

Mojisola A. Ogunmokun
1819 Oak Hill Blvd
Richmond, VA 23223